UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
HALIMATA SANFO,                                       :
                                                      : No. 21-cv-7267 (KPF)
          Plaintiff,                                  :
v.                                                    : **STIPULATED PROTECTIVE**
                                                      : **ORDER GOVERNING THE**
AVONDALE CARE GROUP, LLC A/K/A                        : **PRODUCTION AND**
AVONDALE CARE GROUP,                                  : **EXCHANGE OF**
                                                      : **CONFIDENTIAL**
          Defendant.                                  : **INFORMATION, ESI AND**
                                                      : **INADVERTENT DISCLOSURE**
                                                      : **OF PRIVILEGED**
                                                      : **INFORMATION**
                                                      :
-------------------------------------------------------------- x

      WHEREAS this matter has come before the Court, by stipulation of the parties, for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by any party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

      IT IS hereby ORDERED that:

      1.    This Stipulated Protective Order Governing the Production and Exchange of Confidential Information ("Protective Order") shall govern the handling of documents, electronically stored information, testimony and all other information produced by or between the parties to the above-captioned action ("Action") or by third parties in connection with the Action (whether formal or informal), and all information provided, submitted, or exhibited by the parties hereto or third parties in connection with any evidentiary hearings or other proceedings

conducted during the course of the Action.

    2.    As used herein:

        (a)    "Confidential Information" shall mean information that the producing party reasonably and in good faith believes comprises or contains non-public confidential or commercially sensitive technical, sales, marketing, business, financial or personal information; or information that the producing party is under a legal obligation to maintain as confidential.

        (b)    "Protected Data" shall mean any information that a party believes in good faith to be subject to federal, state, or foreign data protection laws or other privacy obligations or protections. Protected Data constitutes highly sensitive materials requiring special protection. Protected Data may be redacted by the Producing Party and subject to challenge by the Receiving Party as set forth in paragraph 8.

        (c)    "Producing Party" shall mean the parties to this action and any third-parties producing "Confidential Information" or "Protected Data" in connection with depositions, document production, or otherwise, or the party asserting the confidentiality privilege.

        (d)    "Receiving Party" shall mean the party to this action and/or any non-party receiving "Confidential Information" or "Protected Data" in connection with depositions, document production, or otherwise.

    3.    Any party, subpoenaed non-party, or other third party whose information may be disclosed in connection with this Action may designate documents produced, testimony given, or other information exchanged in connection with this Action as "Confidential" or "Protected Data," either by notation on the document, statement on the record of the deposition, designation

pursuant to this Order, or written advice to the counsel for the parties. Electronic documents and information, if any, shall be designated as "Confidential" or "Protected Data" by any of the foregoing methods or pursuant to a procedure to be agreed upon by the parties.

4. All Confidential Information and Protected Data shall be used solely for the purpose of this Action. No person receiving such Confidential Information or Protected Data shall, directly or indirectly, use, transfer, disclose, or communicate in any way the Confidential Information or Protected Data to any person not subject to this Order, as described in paragraph 5. Any other use or disclosure is prohibited. The receipt of Confidential Information by persons or entities as defined in paragraph 5(e) below shall not prevent such person or entity from serving as an expert or consultant in connection with the Action.

5. Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information or Protected Data shall not be furnished, shown or disclosed to any person or entity except to:

(a) the parties in this Action, including employees of the parties who are directly assisting in this Action;

(b) counsel for the parties to this Action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action for trial or other proceeding herein, and are under the supervision or control of such counsel;

(c) copying, imaging, computer services and/or litigation support services who are bound to protect Confidential Information or Protected Data, provided, however, that such Confidential Information or Protected Data is furnished, shown or disclosed in accordance with the procedures set forth in paragraph 6 herein;

(d) any agreed-upon or ordered mediator and that mediator's personnel, provided, however, that such Confidential Information or Protected Data is furnished, shown or disclosed in accordance with the procedures set forth in paragraph 6 herein;

(e) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert opinions, services, or assistance in connection with this Action

  or to give testimony with respect to the subject matter of this Action at the trial of this action or other proceeding herein, provided, however, that such Confidential Information or Protected Data is furnished, shown or disclosed in accordance with the procedures set forth in paragraph 6 herein;

 (f) the Court and court personnel, provided that the Confidential Information or Protected Data is filed in accordance with paragraph 10 herein or otherwise disclosed in accordance with paragraph 11 herein;

 (g) an officer before whom a deposition is taken, including stenographic reporters and videographers and any necessary secretarial, clerical or other personnel of such officer;

 (h) trial and deposition witnesses, provided that the Confidential Information or Protected Data is furnished, shown or disclosed in accordance with paragraphs 6 or 10; and

 (i) any other person agreed to by the parties.

6. Before any disclosure of Confidential Information or Protected Data is made to any person pursuant to paragraphs 5(c), (d) or (e) herein, such person must execute a confidentiality agreement in the form of Exhibit A attached hereto. Counsel shall maintain the executed confidentiality agreements required by this Protective Order.

7. Any document or information that may contain Confidential Information or Protected Data that has been inadvertently produced without identification as to its confidential nature may be so designated by the Producing Party by written notice to counsel for the Receiving Parties identifying the document or information as "Confidential" or "Protected Data" within a reasonable time following discovery that the document or information has been produced without such designation. Any party receiving such improperly designated documents shall use its best efforts to retrieve such documents from persons not entitled to receive those documents.

8. With respect to objections to designations of documents and information as "Confidential" or "Protected Data" a party shall not be obligated to challenge the propriety of a

designation as "Confidential" or "Protected Data" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any dispute arises concerning this Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the parties may seek appropriate relief from the Court on an expedited schedule to be established by the Court. Pending the resolution of such motion by the Court and any subsequent appeal therefrom, the parties agree to treat the information that is the subject of the motion in accordance with the Producing Party's designation. The Producing Party shall at all times carry the initial burden of establishing that the contested information merits a "Confidential" or "Protected Data" designation.

9. All depositions (if any), the information disclosed therein, and the transcripts thereof shall presumptively be treated as Confidential Information and Protected Data, and subject to this Protective Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such thirty-day period, the deposition shall be classified appropriately by notifying all of the parties in writing of the specific pages and lines of the transcript that should be treated as Confidential Information or Protected Data thereafter.

10. A Receiving Party who seeks to file with the Court any document that contains information previously designated as comprising or containing Confidential Information or Protected Data shall follow the procedures of this Court for filing documents conditionally under seal. The party who designated the documents "Confidential" or "Protected Data" will have the obligation to file a motion to permanently seal the documents pursuant to applicable rules.

11.     Should the need arise for any of the parties to disclose Confidential Information or Protected Data during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information or Protected Data.

12.     A party may designate as Confidential Information or Protected Data subject to this Protective Order any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof, where such information has not already been designated as "Confidential," or "Protected Data" by the non-party.

13.     In the event that the Receiving Party is requested or required by law to disclose any Confidential Information or Protected Data in another action or proceeding, the Receiving Party shall provide the Producing Party with prompt written notice of any such request or requirement so that the Producing Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Protective Order, provided, however, that nothing in this Protective Order shall be interpreted to obligate the Receiving Party to seek such a protective order or other remedy. Unless the Producing Party waives the protections of this Protective Order, the Receiving Party will not disclose any Confidential Information or Protected Data except pursuant to the order of a court of competent jurisdiction directing the disclosure of such Confidential Information or Protected Data.

14.     In the event anyone shall violate or threaten to violate any terms of this Protective Order, the aggrieved party may immediately apply to the Court to obtain relief, including, without limitation, injunctive relief against such person.  The existence, if any, of an adequate remedy at law shall not preclude the applying party from obtaining such relief.

15. This Protective Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any provision of the Protective Order.

16. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

17. Consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, in the event a Producing Party inadvertently discloses information subject to the attorney-client privilege, attorney work product doctrine, or other applicable privilege or immunity, the disclosure of the inadvertently disclosed information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the inadvertently disclosed information and its subject matter.  Where it appears on its face that the information was inadvertently disclosed, or the Producing Party informs the Receiving Party that privileged information has been disclosed, the Receiving Party (i) must promptly return or destroy the specified information and any copies thereof, (ii) must not use or disclose the information until the claim is resolved, (iii) must take reasonable steps to retrieve any such information that was disclosed or distributed before the Receiving Party was notified and prevent any further dissemination of the information, and (iv) may promptly present the information to the Court

under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved.

18. Within sixty (60) days after entry of an order, judgment or decree finally disposing of this Action, all Confidential Information or Protected Data produced or designated and all reproductions thereof shall be destroyed. Upon the request of another party in this Action, a party shall certify in writing that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain in a secure manner all pleadings, motion papers, discovery responses, deposition transcripts, deposition and trial exhibits, legal memoranda, correspondence, work product and attorney-client communications that include or are derived from Confidential Information or Protected Data. Notwithstanding the foregoing, an attorney who receives information which has been designated Confidential or Protected Data pursuant to this agreement need not destroy information contained in such attorney's files provided that such information is (1) either encrypted or kept under lock and key; and (2) is protected to the same extent as any client confidence.

19. This Protective Order is entered into without prejudice to the right of either party to seek relief from, or modification of, this Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of "Confidential" or "Protected Data" as inappropriate under applicable law.

20. With respect to electronically stored information ("ESI") to be produced during discovery, the parties agree that the same shall be produced in pdf format or any other commonly recognized and used file format.

21. This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

22. When serving any subpoena in this Action on a non-party to the Action, a copy of this Protective Order shall be included with the subpoena.

23. This Protective Order shall be binding upon any future party to the Action.

24. This Protective Order may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

Dated: New York, New York  
      March 17, 2023

Respectfully submitted,

| /s/ David Abrams | /s/ Shivani Poddar |
|---|---|
| David Abrams<br>Attorney at Law<br>PO Box 3353<br>Church Street Station<br>New York, NY 10008<br>Tel. 212-897-5821<br>Email: dnabrams@gmail.com<br><br>*Counsel to Plaintiff* | **HERRICK FEINSTEIN LLP**<br>Shivani Poddar<br>Kathleen Heather Robinson<br>Two Park Avenue<br>New York, NY 10016<br>212-592-1400<br>Fax: (212) 592-1500<br>Email: spoddar@herrick.com<br>Email: hrobinson@herrick.com<br><br>*Counsel to Defendant* |

Dated: March 17, 2023  
      New York, New York

SO ORDERED:

*[signature]*

Judge Katherine Polk Failla  
United States District Court Judge

9

HF 14743665v.1

For the avoidance of doubt, this confidentiality agreement does not bind the Court or any of its personnel. In addition, the Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation. The parties are directed to the Court's Individual Rules of Practice in Civil Cases for any redaction issues that may arise. *See* Rule 9.